# EXHIBIT 1

Ryan M. Nord (#11140)
SAGE LAW PARTNERS, LLC
140 North Union Ave., Suite 220
Farmington, Utah 84025
Telephone: (801) 438-7120
Facsimile: (801) 438-7121
Email: rnord@sagelawpartners.com
*Attorneys for Plaintiff*

## IN THE FOURTH DISTRICT COURT,

## UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| **SQUIRE HOLDINGS, LLC DBA STONE GATE CENTER FOR THE ARTS,**<br><br>**Plaintiff,**<br><br>-vs-<br><br>**AUTO-OWNERS INSURANCE COMPANY,**<br><br>**Defendant.** | **SUMMONS**<br><br><br>Civil No.: _____<br><br>Judge: _____ |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**AUTO-OWNERS INSURANCE COMPANY**

You are hereby summoned and required to answer the attached complaint.  Within 21 days after service of this Summons, you must file your written answer with the Clerk of the Court at the following address: Fourth District Court, 137 North Freedom Blvd., Suite 100, Provo, Utah 84601, and you must mail or deliver a copy to Plaintiff's attorneys at the address listed above.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.  Within 10 days after service of this Summons on you, the

Complaint will be filed with the Clerk of the Court.  If the Complaint is not filed with the Court within 10 days after service of this Summons upon you, then you do not need to file an answer to the Complaint.  You may call the Clerk of the Court at (801) 429-1000 at least 14 days after service of this Summons upon you to determine if the Complaint has been filed.

DATED this 22nd day of March, 2021.

SAGE LAW PARTNERS, LLC

*/s/ Ryan M. Nord*_____
Ryan M. Nord
*Attorneys for Plaintiff*

Ryan M. Nord (11140)
**SAGE LAW PARTNERS, LLC**
140 North Union Ave., Suite 220
Farmington, Utah 84025
Tel: (801) 438-7120
Fax: (801) 438-7121
Email: rnord@sagelawpartners.com
*Attorneys for Plaintiff*

## IN THE FOURTH DISTRICT COURT,
## UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| **SQUIRE HOLDINGS, LLC DBA STONE GATE CENTER FOR THE ARTS,**<br><br>**Plaintiff,**<br>-vs-<br><br>**AUTO-OWNERS INSURANCE COMPANY,**<br><br>**Defendant.** | **COMPLAINT AND JURY DEMAND**<br><br>**Civil No.:**<br><br>**Judge:**<br><br>**Discovery Tier: 3** |

Plaintiff Squire Holdings, LLC d/b/a Stone Gate Center for the Arts ("Plaintiff") hereby complains and alleges against the defendant Auto-Owners Insurance Company (the "Defendant") as follows:

### PARTIES

1.      Plaintiff is Utah limited liability company with a principal place of business in Utah County that owns property located in Utah County that is the subject matter of this action.

2.      Defendant is an insurance corporation that regularly conducts business in the State of Utah and conducted business with Plaintiff in the State of Utah.

1

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

4.      Venue is proper pursuant to Utah Code Ann. §§ 78B-3-304 and 307.

## FACTUAL ALLEGATIONS

5.      Plaintiff is the owner of real property located 886 West 2600 North, Pleasant Grove, Utah (the "Property").

6.      Plaintiff obtained a property insurance policy from Defendant (referred to herein as the "Policy"), insuring the Property.

7.      Plaintiff was listed as the insured under the Policy.

8.      During the Policy period, a storm (the "Storm") passed through the Property area and caused significant damage to the Property.

9.      Plaintiff contacted Defendant to discuss the damage to the Property and to open a claim in relationship thereto (the "Claim").

10.     Defendant failed to properly investigate the Claim.

11.     Defendant failed to properly cover the Claim.

12.     In total, Plaintiff is entitled to recover at least $308,628.53 from Defendant plus attorney fees, interest and costs.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

13.     Plaintiff realleges and incorporates by reference the allegations in all of the prior paragraphs.

14.     The Policy constitutes a valid and enforceable contract whereby Defendant insured Plaintiff in the Policy.

15.     Plaintiff is entitled to full payment for losses under the Policy.

16.     Defendant has materially breached the Policy by, among other things, failing to timely and fully pay Plaintiff for covered losses.

17.     Defendant has materially breached the Policy by, among other things, failing to pay for actual damages caused by the Storm.

18.     As a direct and proximate result of Defendant's material breach of the Policy as described above, Plaintiff has incurred, and continues to incur, significant damages.

19.     Defendant's actions and inactions in responding to, evaluating, and handling the Claim constitutes bad faith under Utah law.

20.     As a direct and proximate result of Defendant's bad faith actions and breach of the Policy, as described above, Plaintiff has incurred, and continues to incur, significant damages.

21.      Plaintiff is therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

## SECOND CAUSE OF ACTION
### (Breach of Duty of Good Faith and Fair Dealing)

22.     Plaintiff realleges and incorporates by reference the allegations in each of the

prior paragraphs.

23.     The Policy constitutes a valid and enforceable contract between Defendant and Plaintiff.

24.     An implied covenant of good faith and fair dealing exists in the Policy.

25.     Defendant breached the duty of good faith and fair dealing in the following respects:

    a.  Failing to properly investigate the Claim;

    b.  Failing to fairly evaluate the Claim;

    c.  Failing to promptly pay and settle the Claim;

    d.  Failing to comply with Utah law regarding the handling of the Claim;

    e.  Misrepresenting facts regarding policy provisions and coverages;

    f.  Asserting standards and terms for denial of the Claim not contained within or supported by the Policy; and

    g.  Failing to deal with its insured as a layman and not as an expert in the subtleties of law and insurance.

26.     As a direct and proximate result of Defendant's breach of the duty of good faith and fair dealing as described above, Plaintiff has incurred, and continues to incur, significant damages.

27.     Plaintiff is therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

## JURY DEMAND

28.     Plaintiff requests this matter be tried by a jury.

4

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests relief as follows:

      I.      On Plaintiff's First Cause of Action:  A money judgment against Defendant in an amount to be determined at trial, but at least $308,628.53 from Defendant plus attorney fees, interest and costs;

      II.      On Plaintiff's Second Cause of Action:  A money judgment against Defendant in an amount to be determined at trial, but at least $308,628.53 from Defendant plus attorney fees, interest and costs;

      III.      For such other relief as the Court deems proper.

DATED this 22nd day of March 2021.

                                            **SAGE LAW PARTNERS, LLC**

                                            */s/ Ryan M. Nord*
                                            Ryan M. Nord
                                            *Attorneys for Plaintiff*